Kevin C. Barrett, State Bar No. 8959
**BARRETT & MATURA, P.C.**
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
Telephone: (602) 792-5705
Facsimile: (602) 792-5711
Email: kbarrett@barrettmatura.com

*Attorneys for Plaintiff Colony Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| COLONY INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>GVS CONSTRUCTION LLC, a Nevada limited liability company; DENNIS J. DIRKSEN, an individual; CAROL J. MARKER, an individual; CAROL J. MARKER, TRUSTEE OF THE CAROL J. MARKER FAMILY TRUST, a Nevada Trust; DENNIS J. DIRKSEN TRUSTEE OF THE DENNIS J. DIRKSEN REVOCABLE LIVING TRUST, a Nevada Trust; DOE INDIVIDUALS I-X, inclusive, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Colony Insurance Company ("CIC"), through its counsel undersigned and for its Complaint for Declaratory Relief, hereby alleges as follows:

## THE PARTIES

1. CIC is a foreign insurance company, incorporated in the state of Virginia, with its principal place of business and citizenship in the state of Illinois.

2. Defendant GVS Construction LLC ("GVS") is a Nevada limited liability company, doing business in Nevada.

3. Defendants Dennis J. Dirksen and Carol J. Marker are both individuals, residing in the state of Nevada with citizenship in the state of Nevada.

4. Defendant Dennis J. Dirksen, trustee for the Dennis J. Dirksen Revocable Living Trust, a valid Nevada trust, and Defendant Carol J. Marker, trustee of the Carol J. Marker Family Trust, a valid Nevada trust, at all times relevant herein, owned a parcel of property located at 308 N. Magic Way, Henerson, Nevada 89015.

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. § 1332. Venue in this judicial district is appropriate pursuant to 28 U.S.C. § 1391 (a). There is diversity among the parties and the amount in controversy with regard to the underlying dispute is in excess of $75,000.

## GENERAL ALLEGATIONS

6. This action for declaratory relief arises from certain claims asserted in the lawsuit captioned *GVS Construction v. Dirksen et al.,* pending in the District Court of Nevada, Clark County, cause number A-22-848086-C ("the underlying lawsuit").

7. The underlying lawsuit involves allegations of defective construction by the homeowners, Dennis Dirksen and Carol Marker (collectively "homeowners"), of a single-family residence located at 308 N. Magic Way in Henderson, Nevada (previously known as 707 N. Parawan Street) (the "Property").

8. On or around February 13, 2019, the homeowners entered into a contract with GVS for the construction of a new residence.

9. GVS acted as the general contractor and self-performed a majority of the work, but did use subcontractors for mechanical, plumbing, electrical and fire sprinklers.

10. In November 2021, GVS was removed from the project and all construction of the Property ceased. The property has been vacant ever since.

11. On February 10, 2022, GVS filed a Complaint against the homeowners alleging that it was owed a balance of $239,878.00 for the construction and work done on the Property.

12. In response, the homeowners filed a Counterclaim against GVS on July 11, 2022, alleging various construction defects at the property.

13. CIC issued a commercial general liability policy to GVS, Policy No. 600 GL 0206359-00, with effective dates of 12/11/21 – 12/11/22 ("the Policy").

14. The insuring agreement of the Policy states as follows:

\* \* \*

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

    **b.** This insurance applies to "bodily injury" or "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

15. The Policy includes the following exclusions:

3

\* \* \*

**2. Exclusions**

This insurance does not apply to:

\* \* \*

**j. Damage to Property**

"Property damage" to:

\* \* \*

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k. Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\* \* \*

4

16.  The Policy includes the following definitions:

\* \* \*

**SECTION V – DEFINITIONS**

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16. "Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

   **(1)** Products that are still in your physical possession; or

   **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17. "Property damage" means:

   **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

21.  "Your product":
   **a.**   Means:

      **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
          **(a)** You;
          **(b)** Others trading under your name; or
          **(c)** A person or organization whose business or assets you have acquired; and
      **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
 **b.** Includes:
      **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
      **(2)** The providing of or failure to provide warnings or instructions.
 **c.** Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.** "Your work:

 **a.** Means:
    **(1)** Work or operations performed by you or on your behalf; and
    **(2)** Materials, parts or equipment furnished in connection with such work or operations.
 **b.** Includes:
    **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
    **(2)** The providing of or failure to provide warnings or instructions.

\* \* \*

17. The Policy also contains a Continuous, Progressive or Repeated-Bodily Injury or Property Damage endorsement (U073-0815) which states:

\* \* \*

**EXCLUSION – CONTINUOUS, PROGRESSIVE OR REPEATED – BODILY INJURY OR PROPERTY DAMAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended and the following is added:

This insurance does not apply to:

**Continuous, Progressive or Repeated Bodily Injury or Property Damage**

"bodily injury" or "property damage", including any continuous or progressively deteriorating or repeated "bodily injury" or "property damage", that first occurs:

**1.** prior to the effective date of this policy and continues during the policy term; or

**2.** prior to the effective date of this policy, continues during the policy term, and ends after the expiration date of this policy.

This exclusion applies regardless of whether such "bodily injury" or "property damage" is known or unknown by any "Insured".

However, this exclusion does not apply to "bodily injury" or "property damage", including continuous or progressively deteriorating or repeated "bodily injury" or "property damage", that first occurs during the policy term and ends after the expiration date of this policy.

B. **SECTION V – DEFINITIONS** is amended and the following added:

"Insured" means any person or organization qualifying as an insured under **SECTION II – WHO IS AN INSURED** along with either any additional named insured or additional insured whether added to this policy by endorsement or otherwise.

18. CIC is defending GVS in the underlying lawsuit under a reservation of rights. The above policy provisions, among others, have been cited in CIC's reservation of rights letter to GVS.

## **FIRST CLAIM FOR DECLARATORY RELIEF**

### **(Duty to Defend)**

19. CIC hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

20. The Policy provides coverage only for an "occurrence" that has resulted in "property damage" that occurs during the policy period.

21. The Policy excludes coverage for "property damage" to "your product" and to "your work".

22. The Policy further excludes coverage for "property damage" that is continuous or progressive which first occurs prior to the inception of the Policy and continues during that Policy period.

7

23. The claims against GVS in the underlying lawsuit do not fall within the insuring agreement of the Policy and/or are excluded by the various exclusions in the Policy.

24. As a result of all of the above-referenced policy provisions, the claims are not covered under the Policy, and CIC has no duty to further defend GVS in the underlying lawsuit.

25. For these and other reasons, and due to a dispute as to whether CIC has a duty to further defend GVS in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

26. CIC therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duty to defend GVS in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that CIC may ascertain its rights and obligations under the terms its Policy.

## SECOND CLAIM FOR DECLARATORY RELIEF

**(Duty to Indemnify)**

27. CIC hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

28. The Policy provides coverage only for an "occurrence" that has resulted in "property damage" that occurs during the policy period.

29. The Policy excludes coverage for "property damage" to "your product" and to "your work".

30. The Policy further excludes coverage for "property damage" that is continuous or progressive which first occurs prior to the inception of the Policy and continues during that Policy period.

31. The claims against GVS in the underlying lawsuit do not fall within the insuring agreement of the Policy and/or are excluded by the various exclusions in the Policy.

32. As a result of all of the above-referenced policy provisions, the claims are not covered under the Policy, and CIC has no duty to indemnify GVS in the underlying lawsuit.

33. For these and other reasons, and due to a dispute as to whether CIC has a duty to indemnify GVS in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

34. CIC therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duty to indemnify GVS in the underlying lawsuit. Such a judicial determination is necessary and appropriate so that CIC may ascertain its rights and obligations under the terms its Policy.

## THIRD CLAIM FOR DECLARATORY RELIEF
### (Coverage)

35. CIC hereby incorporates all of the above paragraphs and allegations as if fully set forth herein.

36. The Policy provides coverage only for an "occurrence" that has resulted in "property damage" that occurs during the policy period.

37. The Policy excludes coverage for "property damage" to "your product" and to "your work".

38. The Policy further excludes coverage for "property damage" that is continuous or progressive which first occurs prior to the inception of the Policy and continues during that Policy period.

39. The claims against GVS in the underlying lawsuit do not fall within the insuring agreement of the Policy and/or are excluded by the various exclusions in the Policy.

40. As a result of all of the above-referenced policy provisions, the claims are not covered under the Policy, and CIC has no duties to GVS in the underlying lawsuit.

41. For these and other reasons, and due to a dispute as to whether CIC has any duties to GVS in the underlying lawsuit, an actual controversy now exists between the parties herein regarding coverage under the Policy.

42. CIC therefore seeks a judicial determination of its rights and obligations under the Policy with respect to its duties to GVS in the underlying lawsuit. Such a judicial

determination is necessary and appropriate so that CIC may ascertain its rights and obligations under the terms its Policy.

WHEREFORE, CIC brings this Complaint for Declaratory Relief against defendants and prays for judgment as follows:

1. For a judicial determination that CIC has no obligation to further defend GVS in the underlying lawsuit;

2. For a judicial determination that CIC has no obligation to indemnify any of the parties for any judgment or settlement reached in the underlying lawsuit;

3. For a judicial determination that the CIC policy provides no coverage for the claims asserted in the underlying lawsuit;

4. For reasonable attorneys' fees incurred herein;

5. For CIC's costs incurred herein; and

6. For any other and further relief as this Court may deem just and proper.

DATED this 11th day of October 2024.

BARRETT & MATURA, P.C.

By /s/ Kevin C. Barrett
Kevin C. Barrett
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
*Attorneys for Plaintiff Colony Insurance Company*

10